DECISION
Before this Court is an appeal from the decision of the North Smithfield Zoning Board of Review (Zoning Board). The Zoning Board upheld the town building inspector's determination that the eighteen month time limit on a special-use permit for a proposed development did not begin to run until the petitioner obtained all necessary approvals from other state, federal, and municipal agencies. The Plaintiffs challenge this decision, arguing that the limitations period began to run on the date that the Zoning Board issued its decision in November, 2004. The Court has jurisdiction of this appeal pursuant to G.L. 1956 § 45-24-69.
 Facts/Travel
This is the third lawsuit arising from a proposed land development project in North Smithfield.[1] Defendant Bucci Development, Inc. (Bucci) seeks to construct approximately 706,000 square feet of building space for commercial retail, office, restaurant, and residential use. (Bucci Mem. Law. Supp. Obj. Pl's Appeal, Exh B., Decision for Bucci Development, LLC 408, ¶ 5, Nov. 9, 2004 (granting variances and special use permit) (hereinafter "November 2004 Decision")). Bucci sought a special-use permit from the Zoning Board in order to proceed with its proposed development. See id. at 408. After a hearing on November 9, 2004, the Zoning Board granted Bucci's request. Seeid. at 407. The last page of the Zoning Board's decision contains nine "stipulations," the construction of which is disputed in this appeal. See id. at 411.
Several of these stipulations merely relate to the condition of the site during and after construction.[2] Other stipulations, however, relate to approvals that Bucci must receive in order to construct the project:
 "2. The petitioner will obtain, from the Planning Board, all required approvals including, but not limited to Section 17 of the North Smithfield Zoning Ordinance.
 . . . .
 5. The final approval of the project is dependant [sic] upon the petitioner receiving approval from both the Rhode Island Department of Environmental Management and the Rhode Island Department of Transportation for applications of plans presented to each department as well as the North Smithfield Planning Board. Any changes in these applications will require the petitioner to return to both the North Smithfield Planning Board and the North Smithfield Zoning Board of Review to review their respective decisions regarding the proposed project in light of the changes.
 6. Approved [sic] of this petition is contingent upon the petitioner obtaining water rights from the City of Woonsocket and sewerage rights from the Town of North Smithfield." Id.
Bucci has not yet received all of the required permits for the proposed development. (See Decision of the North Smithfield Zoning Bd. of Review on behalf of Daniel Becker, 173, July 19, 2006 (hereinafter "Becker Decision")).
North Smithfield's Zoning Ordinance (Zoning Ordinance) contains a provision relating to the expiration of special-use permits. Section 9.4 of the ordinance states:
 "A special-use permit or a variance from the provisions of this ordinance shall expire eighteen (18) months from the date granted by the Zoning Board of Review unless the applicant exercises the permission granted or receives a building permit to do so and commences construction and diligently prosecutes the construction until completed. No re-application for a special-use permit or variance shall be granted without a hearing."
Because of this ordinance, Bucci's counsel sent a letter to the North Smithfield Building and Zoning Official (Building Official) to clarify the effect of this ordinance on the proposed development. (See Letter of April 4, 2006 from Michael A. Kelly, Esq. to Robert E. Benoit). The Building Official responded that "[i]t is my opinion, that the eighteen-month period, for which the Special-Use Permit was granted should not begin its toll, until all of the Boards [sic] stipulations or conditions have been satisfied." (Letter of April 26, 2006 from Robert E. Benoit to Michael A. Kelly, Esq. (emphasis omitted).)
Plaintiff Daniel Becker appealed the Building Official's determination to the Zoning Board, and it upheld the Building Official's determination. (Becker Decision 173). During the hearing before the Zoning Board, the Building Official stated that the permits from the Rhode Island Department of Environmental Management (RIDEM) and Rhode Island Department of Transportation (RIDOT) had been obtained as of August, 2005, but that the Planning Board approval was still pending. (Bucci Mem. Law Supp. Obj. Pl's Appeal, Exh. F., Transcript of June 27 Hearing 20:10-20 (hereinafter "June 27 Hearing Transcript")). Along with the Valley Alliance for Smart Growth, Inc., a non-profit corporation, Becker filed this appeal in the Superior Court pursuant to § 45-24-69.
 Standard of Review
The Court's appellate review is governed by § 45-24-69(d) which provides in pertinent part that "[t]he court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact." However, as to questions of law, this Court's review is de novo. See vonBernuth v. Zoning Bd. of Review, 770 A.2d 396, 399 (R.I. 2001);Kirby v. Planning Bd. of Review, 634 A.2d 285, 290 (R.I. 1993). The Court may grant relief if "substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions" which are in violation of constitutional, statutory, or ordinance provisions, §45-24-69(d)(1), or are affected by other error of law, §45-24-69(d)(4).
 Analysis
The pertinent facts in this case are largely undisputed. At issue is the interpretation of § 9.4 of the Zoning Ordinance, the November 2004 Decision, and the Zoning Enabling Act. Plaintiffs argue here that the eighteen month time limitation contained in § 9.4 of the Ordinance began to run in November 2004. (See Pl's Mem. 3-5, Aug. 30, 2006). Therefore, they argue that Bucci's special-use permit expired in May, 2006, and the Zoning Board's decision to uphold the Building Official was erroneous. Id.
Bucci, however, argues that the November 2004 Decision was a conditional approval which would not take effect until all of the conditions contained in it were met. (Bucci Mem. Law Supp. Obj. Pl's Appeal 8-10). It argues that since Planning Board approval was one of the conditions, and it has not yet occurred, the eighteen month period has not expired-in fact, it has not even begun to run. Id.
The Zoning Enabling Act provides for situations where an applicant requires permits from other agencies in addition to the zoning board. Zoning boards have the power to issue
 "conditional zoning approvals where a proposed application would otherwise be approved except that one or more state or federal agency approvals which are necessary are pending. A conditional zoning approval shall be revoked in the instance where any necessary state or federal agency approvals are not received within a specified time period." § 45-24-57(1)(vii).
A zoning board may also attach "special conditions" to the grant of a special permit in order to "promote the intent and purposes of the comprehensive plan and the zoning ordinance of the city or town." Section 45-24-43. These are not conditions of approval of the project. Rather, the "failure to abide by any special conditions attached to a grant constitutes a zoning violation," §45-24-43, and the violator is subject to monetary penalties and injunctive relief, § 45-24-60.
The Court finds that the language contained in the November 2004 Decision expressly makes approval of the special permit conditional. Stipulation 2 requires Bucci to obtain "all required approvals" from the Planning Board. (See November 2004 Decision 411, ¶ 2.) Stipulation 6 also makes approval "contingent upon" Bucci obtaining water and sewer rights. Id. ¶ 6. Finally, stipulation 5 states that "final approval of the project is dependant [sic]" upon RIDEM, RIDOT, and the Planning Board approving the petitioner's application in a form unchanged from that which was presented to the Zoning Board. See id. ¶ 5.
Because the approval is a conditional approval, the eighteen month limitation period will not begin to run until all of the following events occur: RIDEM approval, RIDOT approval, Planning Board approval, and the obtaining of water and sewer rights.See id. ¶¶ 2, 5, 6. That date will be the operative date which starts the limitations period under § 9.4 of the Ordinance. Only at this time will the conditional approval ripen into a final approval and allow Bucci to obtain a building permit. (See Becker Decision 173 (noting that the Building Official would not issue a building permit until certain conditions were met).)
If any changes are made to the applications, then the condition of approval in stipulation 5 would not be met and Bucci must "return to both the North Smithfield Planning Board and the North Smithfield Zoning Board of Review to review their respective decisions regarding the proposed project in light of the changes." (See November 2004 Decision 411, ¶ 5.) However, Plaintiffs have made no such allegations to the Board or to this Court that the application has changed.
The Plaintiffs argue to this Court, as they argued to the Zoning Board, (see June 27 Hearing Transcript 12:2-7), that the Building Official's interpretation of § 9.4 could result in a developer taking many years to exercise his rights under a special permit. (Pl's Mem. 5). However, the Zoning Board has the power to specify in its decision a time period after which, if the other permits have not been obtained, the conditional zoning approval will be revoked. See G.L. 1956 § 45-24-57(1)(vii). The Zoning Board also could have made its approval final, instead of conditional, which would have caused the limitation period to begin immediately. Had it done so, Plaintiffs would be correct that Bucci would have to return to the Board every eighteen months to reapply for its special permit. (See Minutes of June 27 Zoning Board Hearing 181). Instead, the Board chose not to do so, perhaps relying on the developer's own economic incentives to diligently pursue the necessary approvals. Whatever the reason for the decision, it was within the Zoning Board's discretion, and the proper remedy, if any exists, would have been to file a timely appeal of that decision in 2004.
Of course, not all of the stipulations in the November 2004 Decision are conditions of approval. The Building Official's decision states that the limitation period does not begin until "all of the Boards [sic] stipulations or conditions have been satisfied," but as Plaintiffs point out, this cannot be accurate. (Pl. Mem. 4.) Some of the "stipulations" relate to hours of operation, signage, and building size, and have no meaning until after the project is actually built. (See November 2004 Decision, 411, ¶¶ 1, 7, 8, 9.) These are more accurately labeled "special conditions" under § 45-24-43, not conditions of approval. However, the fact remains that stipulations 2, 5, and 6 clearly make the approval a conditional one, which postpones the start of the limitations period. The Building Official determined that there were still unmet conditions, so the Zoning Board was correct in approving his determination.
 Conclusion
After due consideration of the arguments advanced by counsel in their memoranda, the Court denies the Plaintiffs' appeal and affirms the decision of the North Smithfield Zoning Board.
Counsel for the prevailing party may present an order and judgment consistent herewith after notice to counsel for the Plaintiff.
[1] See Final Judgment, Shumway v. Benoit, No. PB-2005-2082, (Nov. 4, 2005) (granting summary judgment in favor of the town and the developer); Gagnon v. Benoit, No. PB-2005-5964 (Oct. 5, 2006) (granting summary judgment in favor of the town and the developer).
[2] For example, the Zoning Board required that:
 "1. The North and South entrance signs will not remain lit after 10:00 p.m. daily.
 . . . .
 7. No building in this project will exceed 45 feet (including any façade) in height.
 8. Operating hours will be restricted to Sunday through Saturday 8:00 a.m. to 10:00 p.m. . . .
 9. The total area of any sign will not exceed 880 square feet as presented in P-9A" November 2004 Decision 411, ¶¶ 1, 7-9.